NO. 07-12-00253-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 27, 2012

_____

DOUGLAS MARK WEST, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO 2 OF POTTER COUNTY;

NO. 133599-2; HONORABLE PAMELA COOK SIRMON, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Douglas Mark West, appearing *pro se,* filed a notice of appeal on June 20, 2012, appealing his conviction for reckless driving.[1] According to the information report filed by the county clerk, appellant was not declared indigent.

By letter of July 18, we notified appellant that compliance with appellate rule 20.2 was necessary if he believed himself indigent and entitled to a free record on appeal. On August 9, the county clerk filed a status report seeking an extension of time to file the clerk's record because appellant had not paid or made arrangements to pay for the

_____

[1] Tex. Transp. Code Ann. § 545.401(a) (West 2011).

clerk's record. The same day, we directed appellant by letter to make acceptable payment arrangements with the county clerk by August 20. On August 21, the county clerk filed a status report indicating appellant still had not paid or made arrangements to pay for the clerk's record. The report also stated the clerk had sent appellant a copy of the extension request. Citing appellate rule 37.3(b), we notified appellant by letter of August 23 that if the clerk's record was not filed by September 13 due to his fault, the appeal would be dismissed for want of prosecution without further notice. On September 14, the county clerk filed a status report stating that appellant has not paid or made arrangements to pay for the clerk's record, and also stating the clerk has received no correspondence from appellant.

The record does not show appellant is indigent. Nor has appellant heeded our direction to pay or make acceptable payment arrangements for preparation of the clerk's record on peril of dismissal for failure to respond. Accordingly, the appeal is dismissed for want of prosecution. Tex. R. App. P. 37.3(b).

James T. Campbell
Justice

Do not publish.